Filed 4/7/25  P. v. Clayton CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>DEANDRE CARRNELL CLAYTON,<br><br>     Defendant and Appellant. | B340774<br><br>(Los Angeles County<br>Super. Ct. No. TA139632) |

APPEAL from an order of the Superior Court of Los Angeles County, Ricardo R. Ocampo, Judge.  Reversed and remanded.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Thomas C. Hsieh, Deputy Attorneys General, for Plaintiff and Respondent.

We decide this matter by memorandum disposition. (Cal. Stds. Jud. Admin., § 8.1.)  Deandre Carrnell Clayton appeals from the denial of his resentencing petition under Penal Code[1] section 1172.6.  For the reasons set forth below, we reverse.  We begin with the applicable law and then turn to the facts of the case.

Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1015), which went into effect January 1, 2019, "amended sections 188 and 189 of the Penal Code to 'eliminate[ ] natural and probable consequences liability for murder as it applies to aiding and abetting, and [to] limit[ ] the scope of the felony-murder rule.' [Citation.]" (*People v. Lee* (2023) 95 Cal.App.5th 1164, 1173  (*Lee*).)  "[T]he amended section 188 provides that, except as stated in the amended section 189 governing felony murder, 'in order to be convicted of murder, a principal in a crime shall act with malice aforethought.  Malice shall not be imputed to a person based solely on his or her participation in a crime.' (§ 188, subd. (a)(3).)" (*Lee*, *supra*, at p. 1173.)

The bill also added former section 1170.95, now numbered 1172.6, " 'which creates a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief.' [Citation.]" (*Lee*, *supra*, 95 Cal.App.5th at p. 1173.) In 2021, the Legislature enacted Senate Bill No. 775 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 551), which, inter alia, extended relief under former section 1170.95 to those convicted of attempted murder.  (See *Lee*, *supra*, at pp. 1173–1174.)

---

[1] Unspecified statutory citations are to the Penal Code.

"If a petitioner makes a prima facie showing of relief under section 1172.6—that is, a showing that the petitioner was convicted of murder, attempted murder, or manslaughter under a theory no longer valid under the amended Penal Code—the resentencing court must issue an order to show cause for an evidentiary hearing. (§ 1172.6, subd. (c).)" (*Lee, supra*, 95 Cal.App.5th at p. 1174.) "If, however, the record of conviction or the court's own documents indicate the petitioner is ineligible for resentencing as a matter of law, the resentencing court may deny the petition without issuing an order to show cause." (*Ibid.*)

On January 7, 2020, defendant pleaded no contest to attempted murder (§ 664/187, subd. (a)), and admitted to gang enhancement allegations (§ 186.22, subd. (b)(1)(C)) and that he personally discharged a firearm causing great bodily injury (§ 12022.53, subds. (d) & (e)(1)).[2]  The trial court sentenced him to 15 years, but stayed the sentence on the firearm enhancement pursuant to the plea agreement.

On August 22, 2023, defendant petitioned for resentencing under section 1172.6, alleging the information filed against him allowed the prosecution to proceed on a theory of imputed malice. The People filed an opposition to the petition, arguing that the evidence set forth in defendant's preliminary hearing transcript

---

[2]  Section 12022.53, subdivision (e)(1) allows imposition of a firearm enhancement on a gang-related offense when any principal to the offense discharges a firearm, even if the defendant did not personally do so.  (See § 12022.53, subd. (e).) The information alleged not that defendant personally discharged a firearm, but that his codefendants did.  It is therefore unclear why defendant pleaded to personally discharging a firearm.  That question is not before us, however, and we do not address it further.

3

as well as surveillance camera footage demonstrated defendant was a coconspirator to murder and an aider and abettor to attempted murder, and therefore "defendant had the requisite intent, and malice was not imputed to him." Defendant filed a reply arguing, inter alia, reliance on the preliminary hearing transcript at the prima facie stage of the resentencing proceeding constituted improper fact-finding, and the evidence from that hearing did not "conclusively establish the theory under which [defendant] pleaded."

The resentencing court denied the petition at the prima facie stage, noting defendant had entered his plea and been convicted in 2020, a year after the law on imputed malice already had changed under Senate Bill No. 1437. The court concluded the prosecution therefore could not have proceeded under a theory of imputed malice. Defendant's counsel countered that at the time of defendant's plea, the amended law applied only to murder, not attempted murder, so the prosecution could have proceeded on an imputed malice theory as to defendant, who was charged with attempted murder. The court adhered to its ruling. Defendant timely appealed.

As the Attorney General concedes in this appeal, the resentencing court erred in denying defendant's petition at the prima facie stage. At the time of defendant's plea, there was a split of authority in the Courts of Appeal as to whether Senate Bill No. 1437's amendment to the malice requirement in section 188 applied to attempted murder. For example, *People v. Lopez* (Aug. 21, 2019, B271516), opinion ordered depublished November 10, 2021, S258175, concluded that "extend[ing] the legislation's ameliorative provisions to . . . convictions for attempted premeditated murder" "does violence to the governing

principles of statutory interpretation," and "[h]ad the Legislature meant to bar convictions for attempted murder under the natural and probable consequences doctrine, it could easily have done so." In contrast, *People v. Medrano* (Dec. 3, 2019, F068714, F069260), opinion ordered depublished January 26, 2022, S259948, held, "Because malice cannot be imputed to a defendant who aids and abets a target offense without the intent to kill, the natural and probable consequences doctrine is no longer a viable theory of accomplice liability for attempted murder."

The Legislature resolved this split of authority through Senate Bill No. 775, which "clarified [Senate Bill No. 1437] by amending [former] section 1170.95 to make clear the natural and probable consequences doctrine no longer supplies accomplice liability to attempted murder." (*People v. Sanchez* (2022) 75 Cal.App.5th 191, 193.)

As noted, Senate Bill No. 775 was enacted in 2021, after defendant entered his plea. Given the split of authority at the time of his plea, it is conceivable the prosecution could have proceeded on a theory of imputed malice as to defendant's attempted murder charge. The fact that he pleaded no contest and was convicted after the enactment of Senate Bill No. 1437, therefore, does not render him ineligible for relief under section 1172.6.

Defendant asks that we direct the resentencing court on remand to issue an order to show cause and hold an evidentiary hearing. The Attorney General agrees with this disposition and asserts nothing in the record of conviction establishes ineligibility as a matter of law.

We decline to direct the resentencing court to issue an order to show cause, and instead remand for the resentencing

court to decide whether, in light of our opinion, defendant has made a prima facie showing for relief. As our Supreme Court recently decided in *People v. Patton* (2025) 17 Cal.5th 549, when a defendant is convicted pursuant to a plea, a resentencing court may under certain circumstances consider the preliminary hearing transcript in assessing the defendant's prima facie showing in a section 1172.6 proceeding. The People below raised arguments based on the preliminary hearing transcript, which the resentencing court has yet to assess because of the alternative basis for its ruling. We cannot assess those arguments in this appeal because the preliminary hearing transcript is not before us.

## DISPOSITION

The order denying defendant's resentencing petition is reversed. The matter is remanded for the resentencing court to determine, consistent with this opinion, whether defendant has made a prima facie showing that he is eligible for relief, and if he has, to set an order to show cause and hold an evidentiary hearing.

NOT TO BE PUBLISHED.

                                                            BENDIX, J.

We concur:

ROTHSCHILD, P. J.                    WEINGART, J.

6